## STATEMENT OF FACTS

All of the following events occurred in the District of Columbia unless otherwise noted. The following statement is presented for the sole purpose of establishing probable cause and does not represent the totality of facts and circumstances known to your affiant, Special Agent Alexander Sims of the ATF. Your affiant was not on the scene of the stop, arrest or detention of the defendant. Your affiant therefore did not witness any part of this offense nor does your affiant have any first person knowledge of the circumstances leading to the stop or the stop itself. The affiant has not had the opportunity to review all reports, body-worn camera footage, or other materials that may be relevant to the events described herein. The statements contained in this complaint are therefore made in good faith and are true and correct to the best of the affiant's knowledge, information, and belief at this time, but are not intended to encompass every fact known to law enforcement regarding this investigation. The following statement is based solely on the statement and observations of MPD Officer Fredrick Onoja.

On Wednesday, February 18, 2026, Fifth District Crime Suppression Team (CST) Officers Othterson (front passenger), Onoja (driver), and Sholoye (rear left passenger) were dressed in full MPD uniform operating marked MPD cruiser 960 utilizing call sign "CST11," while working alongside federal law enforcement partners assigned to the Making DC Safe and Beautiful Task Force. All federal law enforcement members were wearing clothing with clearly affixed insignia identifying them as police officers and were operating their respective unmarked vehicles.

Officers were patrolling in the area of 21st Street NE and turned on to the 2000 block of Gales St NE. Officers looked across the gated area, toward the south alley of the 2000 block of Benning Road NE. In the alley officers noticed a sedan parked with its lights on. The sedan then drove past Officers in the "T" intersection of the alleyway. Officers then noticed that the driver, who was the sole occupant of the vehicle, was not wearing his seat belt as he drove past. The sedan continued to the 600 block of 21st Street NE, and drove southbound on 21st Street NE.

Officers stopped the vehicle in the 400 block of 21st Street NE. As officers approached the vehicle, Officer Onoja noticed that the shoulder band of the seatbelt appeared to be behind the driver. Officer Onoja advised the driver of the stop, and the driver gave Officer Onoja his DC driver's license. The driver was identified by his DC driver's license as De'Angelo Rashad Palmer ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ (here by referred to as "PALMER"). During the traffic stop Officer Onoja asked PALMER to step out of the vehicle. PALMER complied and opened the driver's door and stepped out of the vehicle. When PALMER stepped out of the vehicle, MPD Sergeant Kelly noticed a small clear plastic twist baggie with white powdery rock substance inside of the vehicle on the side pocket on the driver's door. Upon confirming the substance as consistent with the package and appearance of crack cocaine, through the Officers training and experience, PALMER was secured in handcuffs and placed under arrest. Officers began a search of the vehicle for additional evidence of narcotics.

During the search, as officers moved to the center console glove box and found a black and silver color semi-automatic handgun.



*Figure 1 - Still of firearm recovered in the center console*

The firearm was determined to be a Smith & Wesson SD40 handgun with serial number FWZ2071. The firearm had one round in the chamber, and ten (10) rounds in fourteen round capacity magazine.

A further search of the vehicle revealed a package of naloxone under the driver's seat, followed by additional packages of naloxone also found in the center console. Also inside the center console was multiple empty small clear plastic zips, a scale with white powder residue on the cover, and U.S. Currency.

On the center console, just under the radio, were more packages of naloxone.

In the rear seat of the vehicle, Officer Othterson found a white plastic bag containing a large amount of white powdery substance suspected to be further narcotics.

Officers field tested a small portion of the white rock substance from the twist tie bag as well as a separate field test of a small portion the white powdery substance in the white plastic bag, both substances gave a positive indication for cocaine base, an active ingredient for both crack cocaine and powder cocaine (2307 positive color reaction for the small clear twist bag of crack cocaine) (2348 positive color reaction for the white plastic bag of powder cocaine).

The small clear twist tie bag of crack cocaine weighed 1.5 grams and the white plastic bag powder cocaine weighed 1140 grams or approximately 2.5 pounds.

Based on officers, training knowledge and experience as law enforcement officer, the Officers recognized that 1140 grams of powder, 1.5 grams of crack cocaine and seven (7) packages of

Naloxone to be inconsistent with personal use of narcotics based on the amount of narcotics, the presence of U.S. Currency, a scale, and additional empty narcotics packaging. This evidence was consistent with the intent to distribute narcotics.

A total of approximately $350 in U.S. Currency was recovered from inside the vehicle and on PALMER's person: $100 bill -1, $20 bills -5, $10 bill -4, $5 bills -12, $2 bill -1 ,and $1 bills – 49

A query was conducted of the DC gun registry and yielded negative results for the SUSPECT or firearm bear serial number FWZ2071 being registered.

A review of PALMER's criminal history revealed that he had been previously convicted in the District of Columbia Superior Court of Robbery While Armed, Possession of a Firearm During a Crime of Violence, and Robbery in Docket No. 2016 CF3 005455. A review of the Judgment and Commitment Order indicates that PALMER was sentenced to 60 months incarceration as to Robbery While Armed and Possession of a Firearm During a Crime of Violence, to be served concurrently. The Order further indicates that PALMER was sentenced to 36 months incarceration as to Robbery, to be served consecutive to the above-listed offenses.

Your affiant is aware of no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition described above as possessed by PALMER necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge DEANGELO PALMER with a violation of 18 U.S.C. § 922(g)(1) (**Unlawful Possession of a Firearm and Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**

_____
Special Agent Alexander Sims
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Respectfully submitted and attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on February 20, 2025.

_____
The Honorable Zia M. Faruqui
United States Magistrate Judge